Burke, J. (dissenting).
We dissent as we agree with the decision of the Appellate Division. Several statements in the majority opinion, however, impel us to add a few comments.
In reversing this Grand Jury contempt conviction, the majority has focused upon an Assistant District Attorney’s statement which they read as relating a grant of only testimonial immunity and conclude that such limited immunity was the extent of the purported grant. We suggest that the statement is also susceptible of construction as a notification that, in addition to the statutory transactional immunity (Code Crim. Pro., § 619-c), testimonial immunity also would attach. The Assistant District Attorney, after citing the section of the statute, stated, “ I want to further apprise you, sir * * * ” referring to testimonial immunity.
Although the ensuing facts are included in the majority opinion, their legal impact is not considered. Because they spell out the effect of the notice, we believe that they are determinative. After the Assistant District Attorney’s statement, defendant conferred with his attorney, an able member of the Bar. He returned to the Grand Jury room, and the District Attorney began his examination by ascertaining that defendant had in fact consulted counsel and that the grant of immunity had been explained. The following question and answer then appear in the record: “ Q. [by Mr. Roberts] And you do understand, do you not sir, that you have immunity as from prosecution as to each and every question or your answers to each and every question that is put to you with regard to this inquiry being conducted by this Grand Jury, do you understand that? A. Yes, sir.” It is clear from the emphasized language that the prosecutor was asking defendant if he understood that he had been granted the transactional immunity provided by statute (Code Crim. Pro., § fil9-c, subd. 2). Defendant’s affirmative answer establishes that whatever misconception may have been implanted by the initial explanation it was dispelled during that *295 consultation between attorney and client. Common sense dictates that the law should be applied to the facts as they exist. An otherwise valid conviction should not be disturbed when the defendant has acknowledged that he was not misled by the assistant prosecutor’s statement — even though it may be considered ambiguous by some.
If defendant’s acknowledgment is given the operative effect it merits, analysis of the assistant prosecutor’s notice becomes unnecessary. Nevertheless, we believe that the majority has misinterpreted the import of the assistant prosecutor’s language. The statement, in fact, purported to grant immunity pursuant to section 619-c of the Code of Criminal Procedure which since it grants transactional immunity, necessarily includes immunity from prosecution for any testimonial evidence given by the witness. Moreover, all of the individuals involved, including defendant and his attorney, knew that defendant was a target of the investigation. Testimonial immunity was, therefore, conferred automatically and as a matter of law (People v. Steuding, 6 N Y 2d 214, 217). The only immunity to which the prosecutor could have been referring was the transactional immunity authorized by statute. We should not engage in hypertechnieal semantic distinctions to find a limitation neither intended by nor necessarily included in the Assistant District Attorney’s language.
Moreover, the reversal herein imposes on the prosecution an absolute and unwarranted burden of precision (cf. United States v. Ventresca, 380 U. S. 102, 109). Such rigidity, at least when the defendant is represented by counsel, creates an unnecessary legal impediment. There is no reason to assume that counsel did not properly advise his client of the scope of the statutory immunity conferred.
In addition, the immunity statute is neither intricate nor confusing (cf. Stevens v. Maries, 383 U. S. .234). The distinction between transactional and testimonial immunity, insofar as it is relevant herein, is not so great that a witness is “ obliged to measure his chances on a legal joust with the official granting immunity or the prosecutor.” Whether or not he might be prosecuted on independent evidence, as it is now clear he may not (Matter of Gold v. Menna, 25 N Y 2d 475), he was fully informed that his Grand Jury testimony could not be used *296 against him. in any manner. For this reason People v. De Feo (308 N. Y. 595), upon which the majority places reliance, is distinguishable. The defendant in that case was informed that immunity was conferred only as to the crimes of bribery and conspiracy. He could not be certain that his testimony would not otherwise implicate him in some criminal enterprise. Here the defendant was not confronted with such a problem. Accordingly, we would affirm.
Chief Judge Fuld and Judges Bergan, Jasen and Gibson concur with Judge Breitel ; Judge Burke dissents and votes to affirm in a separate opinion in which Judge Scileppi concurs.
Judgment reversed, etc.